UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| REBA McGUIRE, Individually, and on Behalf of DONALD McGUIRE (DECEASED)     Plaintiffs, <br><br> *versus* <br><br> UNITED STATES OF AMERICA     Defendant. | Civil Action No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**Brought under 28 U.S.C. §§ 1346(b), 2671-2680**
**(the "Federal Tort Claims Act") for Wrongful Death**
**and Survival Actions**

### A. PARTIES

1.  Plaintiff, Reba McGuire, is an individual above the age of majority who is a citizen of the United States of America and the State of Louisiana, domiciled in Pineville, Louisiana, who appears herein individually and as surviving spouse of Donald McGuire.

2.  Defendant, the United States of America, may be served by delivering a copy of this summons and complaint to the Honorable Stephanie A. Finley, United States Attorney for the Western District of

Louisiana, U. S. Attorney's Office at 800 Lafayette Street, Suite 2200, Lafayette, Louisiana 70501-6832 and also by delivering same by certified mail to the Honorable Eric H. Holder, Jr., Attorney General of the United States of America at United States Department of Justice, 950 Pennsylvania Avenue, Northwest, Washington, District of Colombia 20530.

## B. JURISDICTION

3.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1346(b) because the suit involves a claim against the United States of America for the wrongful death and survival damages of the husband of the plaintiff caused by the negligence and deviation of the medical standard of care by employees of the Alexandria Veterans Affairs Healthcare System located in Pineville, Louisiana (hereinafter referred to as the "VA Hospital").

4.     This matter was timely submitted via form SF-95 for administrative review by the Department of Veterans Affairs which denied the claim. Reconsideration was sought, completed, and the claim was again denied via letter dated March 21, 2014.

## C. VENUE

5. Venue is proper in this district and division under 28 U.S.C.A. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred at the Veterans Affairs Medical Center in Pineville, Rapides Parish, Louisiana.

## D. FACTS

6. Donald McGuire, a 65-year-old man, had been a patient at the VA Hospital in Pineville, Louisiana for many years. On November 12, 2011, Donald McGuire reported to the Veterans Administration Hospital in Pineville with complaints of stomach problems, bloating and uncontrolled blood sugar. The attending V.A. physician ordered a workup and an abdominal x-ray. Mr. McGuire's x-ray was remarkable for increased stool involving the descending, transverse and descending colons. Lab results ordered on that date and subsequent visits to the Veterans Administration Hospital in Pineville showed certain abnormal results that should have warranted additional testing by his treating physicians to explore or rule out the possibility of cancer, and liver disease and/or damage.

7. On August 30, 2012, Donald McGuire presented to the Rapides Regional Medical Center for shortness of breath, fever, weakness in legs and a productive cough of yellowish sputum.  During this admission, Mr. McGuire's treating physician ordered lab testing that showed abnormal liver function.  A liver function test was then ordered that showed abnormal liver function with high bilirubin and alkaline phosphatase and then a right upper quadrant sonogram was ordered for Mr. McGuire.

8. Donald McGuire was admitted to the ICU at Rapides Regional Medical Center pending a right upper quadrant ultrasound triggered by LFTs. The ultrasound revealed multiple liver masses.  A liver biopsy was done on September 11, 2012 that showed the presence of ascites.  Mr. McGuire was diagnosed with spindle cell type liver cancer and was discharged to follow up at the Veteran's Administration Hospital in Pineville, Louisiana.

9. Donald McGuire died on September 24, 2012 as a result of the liver cancer.

10. Claimants believe that the V.A.'s failure to timely diagnose and the resulting delay in ordering diagnostic tests and aggressive treatment ultimately resulted in the spread of Mr. McGuire's liver cancer, resulting in

his death on September 24, 2012. In addition, this negligence caused a loss of his chances of survival or a shortening of his life.

### E. NEGLIGENCE

11. The failure to timely diagnose and treat Mr. McGuire's liver cancer, as well as his subsequent death from the disease and related damages, were caused by the negligence and fault of employees of the Alexandria Veterans Affairs Healthcare System, who were then agents and officers of the United States of America.

12. The negligence and fault of said agents consisted of the following illustrative particulars, which amount to deviations from the standard of care owed to the plaintiff:

    A. Failing to ascertain the presence of cancerous tumors in Mr. McGuire's liver beginning with his November 12, 2011 visit and subsequent appointments, and thereby delaying the patient's ultimate discovery;

    B. Failing to timely order diagnostic testing; and

    C. Failing to timely diagnose and treat symptoms of liver cancer.

13. At all times pertinent to this litigation, the doctors and medical staff were acting within the course and scope of their employment with the

defendant, and, therefore, the United States of America is liable for damages resulting from their negligence under *respondent superior* and other legal principals.

14. The legal and proximate cause of the failure to diagnose Mr. McGuire's liver cancer was the negligence and fault of the doctors and medical staff of the Alexandria Veterans Affairs Healthcare System.

15. Under the laws of the State of Louisiana, a private person would be liable to the plaintiff for the aforementioned acts and omissions. Under 28 U.S.C. §2674, the United States is liable to the plaintiff for damages resulting from the wrongful death of her husband and for his survival and loss of chance claims.

## G. DAMAGES

16. As a direct and proximate result of defendants' negligence the plaintiff has suffered the following injuries and damages, to-wit:

   A. Survival damages, including fear, pain, suffering and shock of Faron Parker prior to his death;

   B. Wrongful death damages, including:

      a. Loss of love, affection, guidance and nurture of her husband;

      b.    Loss of consortium, service, society, and support of her husband;

      c.    Past, present, and future mental anguish, grief and shock;

      d.    Damages for viewing first hand the agony and suffering of her husband;

      e.    Medical and funeral expenses;

      f.    Lost support of Donald McGuire, including both lost earnings and income prior to his death and future lost earnings of Donald McGuire after his death; and

      g.    Damages for Donald McGuire's lost chance of survival.

C.    In addition to the damages alleged above, plaintiff is entitled to damages caused by the shortening of Donald McGuire's life as a result of the negligence and fault of the defendant.

### H. PRAYER FOR RELIEF

17.    Plaintiff respectfully Prays for and is entitled to judgment against the defendants as follows:

    A.    For actual damages including USD $10,000,000.00 for the wrongful death, survival and loss of chance actions of Donald McGuire AND for the individual and wrongful death claim of Reba McGuire;

    B.    Reasonable attorney's fees and costs;

    C.    For costs of experts called to testify at trial or whose testimony is required by others who testify at trial;

    D.    For pre-judgment and post-judgment interest;

    E.    Such other and further relief as the Court deems appropriate;

    F.    That all defendants be served and cited in accordance with law.

DATED this 19th day of September, 2014.

Respectfully Submitted,

/s/Philip G. Hunter
Philip G. Hunter *(Bar No. 7080)*
HUNTER & BECK
1916 Gus Kaplan Drive
Alexandria, LA  71301
Email; pgh.hunter@me.com
Telephone : (318) 487-1997
Facsimile:  (318) 487-2022
Attorneys for Plaintiff

/s/Joseph Yuri Beck
Joseph Yuri Beck *(Bar No. 29757)*
HUNTER & BECK
1916 Gus Kaplan Drive
Alexandria, LA  71301
Email; pgh.hunter@me.com
Telephone : (318) 487-1997
Facsimile:  (318) 487-2022
Attorneys for Plaintiff